896 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Antonio ALMANZA, Plaintiff-Appellant,
v.
R.F. WILSON, Manager for Court and Legal Services of the
Department of Corrections; Robert A. Lipsner;
John Doe(s), Defendants-Appellees.
 No. 88-6783.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1989.
Decided: Jan. 31, 1990.
 
 Antonio Almanza, appellant pro se.
 Robert Harkness Herring, Jr., Assistant Attorney General; Richard Francis Gorman, III, Assistant Attorney General, for appellees.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Virginia inmate Antonio Almanza appeals the district court's decision denying relief in this 42 U.S.C. Sec. 1983 action. The district court's decision was based on the finding that under Daniels v. Williams, 474 U.S. 327 (1986), Almanza had not stated a claim for negligence in the compilation of his prison files. To the extent that Almanza alleged more than negligence, the court found that Almanza had an adequate state remedy. We affirm on other grounds.
 
 
 2
 Almanza filed this lawsuit when his efforts to receive an explanation of a notation on his legal update sheet proved unavailing. The notation stated that he had 44 years, 10 months, 26 days to serve from a 1985 escape. Almanza also maintained that the update erroneously treated an attempted escape conviction as a conviction for escape.
 
 
 3
 Almanza complained about the effects of defendants' allegedly arbitrary refusal to correct this misinformation, not about the procedures provided for seeking correction. Therefore, this is a case implicating substantive, rather than procedural, due process. Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979), guides our analysis of Almanza's claims. In Paine we held that "a claim of constitutional magnitude is raised when a prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." 595 F.2d at 201.
 
 
 4
 With respect to the "44-10-26" calculation, prison officials explained that that notation, which was later corrected, had no effect on parole, but was only a time calculation which came into play when an inmate had been on escape "for some number of days or months."
 
 
 5
 Almanza's concern over the treatment of the attempted escape also is misplaced. The error was corrected. Its only effect was to delay consideration for parole. As parole was denied, no prejudice could have resulted from the error.
 
 
 6
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
 
 
 7
 AFFIRMED.